FILED

2007 Jan-18  AM 11:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **TODD BURKES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 2:06-CV-1959-VEH** |
| | ) |
| **HUBBELL STEEL** | ) |
| **CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

---

# MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION AND BACKGROUND

This is an action where the plaintiff, Todd Burkes ("Burkes"), has brought federal claims under 42 U. S. C. § 1981, the Age Discrimination in Employment Act (the "ADEA"), and Title VII of the Civil Rights Act of 1964, as amended ("Title VII") against defendant, Hubbell Steel Corporation ("Hubbell Steel"). Before the court is the Motion to Dismiss First Amendment to Complaint or, in the Alternative, Motion for More Definite Statement ("Motion") filed by the Hubbell Steel. (Doc. 13). The time to respond to the Motion has expired without any opposition or other response by Burkes.

For the reasons stated hereinafter, the Motion is due to be **GRANTED** in part and **DENIED** in part.  Burkes's Title VII and ADEA failure to promote and unequal pay claims and his Title VII claims that he was required to work "on the line" with other laborers under his supervision, even though Caucasian supervisors were not required to work on the line, his claims that Hubbell Steel engaged in a pattern and practice of race discrimination and harassment that created a hostile work environment for African-American employees, and his claims that he was retaliated against for complaining about this racially hostile environment are due to be **DISMISSED** as barred for failure to exhaust administrative remedies.  In all other respects, the Motion to Dismiss will be **DENIED**.  Hubbell Steel's Motion for a More Definite Statement will be **GRANTED**.

## II.   APPLICABLE STANDARDS

Defendants have challenged the sufficiency of the complaint under F. R. Civ. P. 12(b)(6) and 12(e).

A.  Fed. R. Civ. P. 12(b)(6)

> **(b) How Presented.** ...[T]he following defenses may at the option of the pleader be made by motion: ...(6) failure to state a claim upon which relief can be granted ....  If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all

2

parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

FED. R. CIV. P. 12(b)(6).

A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a Rule 12(b)(6) motion, the court "must accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002)(citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)).

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001)). Furthermore, "[a] complaint may not be dismissed because the Plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original)(citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)). "The threshold of sufficiency that a complaint must meet to survive a Motion to Dismiss

3

for failure to state a claim is…'exceedingly low.'" *Ancata v. Prison Health Serv., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (quoting *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev.*, 711 F.2d 989, 995 (11th Cir. 1983)).

> As a general rule, the court may only consider the pleading which is attacked by an FR Civ P, Rule 12(b)(6) motion in determining its sufficiency. ... The court is not permitted to look at matters outside the record; if such matters are considered, the FR Civ P, Rule 12(b)(6) motion to dismiss is, by the express terms of FR Civ P, Rule 12(b), converted into a motion for summary judgment. However, the court may consider documents which are attached to or submitted with the complaint, as well as legal arguments presented in memorandums or briefs and arguments of counsel.

AMJUR PLEADING § 584 (footnotes and citations omitted).

B. <u>Fed. R. Civ. P. 12(e)</u>

> **(e) Motion for More Definite Statement.** If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

FED. R. CIV. P. 12(e).

> Interpreting this Rule, the Eleventh Circuit has noted that:

> While the requirements of pleading under the Federal Rules are liberal, and a litigant need not allege a specific fact to cover every element or allege with precision each element of a claim, a pleader must at least

4

provide his opponent with fair notice of what his claim is and the grounds upon which it rests.

*Parker v. Brush Wellman, Inc.,* 377 F. Supp. 2d 1290, 1294 (11th Cir. 2005) (citations and quotations omitted).

### III.  <u>BURKES'S FACTUAL ALLEGATIONS</u>

The facts alleged against Hubbell Steel, which the court accepts as true for purposes of this Motion, are as follows.  Burkes is an African-American male, over the age of forty, who was employed by Hubbell Steel. (Am. Compl., ¶ 4.)  He was the senior-most employee at Hubbell Steel's Fairfield, Alabama branch.  (Am. Compl., ¶ 10.)  Burkes was more qualified than his Caucasian co-workers; however, he was passed over for promotion for more than three years. (Am. Compl., ¶ 11.)  In or about 2004, Burkes was "finally advised that he was being promoted to supervisor and was promised a pay raise; however, ,,, [he] never received a pay raise.  Caucasian supervisors, who were also promoted, received pay raises... ."  (Am. Compl., ¶ 12.)  Burkes was required to work on the line with other laborers under his supervision, while Caucasian supervisors were not required to work on the line.  (Am. Compl., ¶ 13.)  Caucasians with less years with Hubbell Steel, less experience, and/or less qualifications "have been afforded promotions and other employment opportunities and benefits that ... Burkes has been denied."  (Am. Compl., ¶ 14.)  " ... [Hubbell

Steel], by way of its Caucasian management team, continues to engage in a pattern and practice of race discrimination and harassment to which ... [Burkes], along with other African-Americans, are and were subjected. ...[Hubbell Steel's] practice of race discrimination and harassment created a hostile work environment for African-American employees and manifested itself in discrimination against African-American employees with regards [sic] to promotions, job assignments, benefits, and other terms and conditions of employment."  (Am. Compl., ¶ 15.) ... "Burkes complained about ... [Hubbell Steel's] racial harassment and discriminatory conduct towards [sic] him and other African-American employees, but nothing was done to rectify ... [Hubbell Steel's] racially discriminatory work environment. ... Burkes was subjected to [sic] an on-going basis of [sic] a racially hostile and discriminatory work environment which included, but is not limited to, negative race-related comments and attitudes. ... Burkes, and other employees, complained about the same, but ... [Hubbell Steel] failed to take any action to rectify the situation and continued to maintain a racially hostile and discriminatory work environment."  (Am. Compl., ¶ 16.)

Burkes was retaliated against for having complained about the race discrimination that existed at Hubbell Steel.  (Am. Compl., ¶ 17.)  Burkes was terminated from his position in July 2005.  (Am. Compl., ¶ 18.)  Burkes was replaced

by an employee who was significantly younger than Burkes.  (Am. Compl., ¶ 20.)

## IV.  THE EEOC CHARGE

Along with Burkes's original Complaint,[1] and referenced as an attachment in his Amendment to Complaint, is his EEOC charge.  It appears that, under the section entitled "Cause of discrimination based on," Burkes checked the boxes for "race", "age," and "retaliation."  The "particulars' are set out on an "attached sheet."  Those particulars, in their entirety, are as follows:

> Hubbell Steel discriminated against me on the basis of my race (African-American) by terminating my employment in order to eliminate the only black supervisor/manager in the plant.  Hubbell Steel Corporation discriminated against me on the basis of my age (forty-one) by terminating my employment in order to replace me and fill the position with a younger person.
>
> Further, the termination was retaliation for my complaints regarding OSHA violations and immigration/labor law violations.  The reason cited for my termination was a failure to perform my job according to job description after warnings.  However, as the most senior employee in the Alabama plant, I was never written up for not performing my job duties.  In fact, during the seven years I devoted to Hubbell, the only written notice I received was to provide alternate ways to supervise/manage my employees.
>
> Additionally, I was promoted to plant supervisor more than 16 months ago and advised that my promotion came with a raise.  However, I never received any pay commensurate with the promotion and additional responsibilities that I received.  Hubbell Steel's allegation that I failed to perform my job duties was a pretext for terminating my employment on the basis of age, race and retaliation.

---

[1] Filed September 28, 2006.

## V.  <u>TITLE VII CLAIMS</u>

The date of Burkes's EEOC charge was 8/12/05.  In it, he states that he was promoted to plant supervisor "more than 16 months ago."  Sixteen months prior to 8/12/05 would be 4/12/04.  Title VII permits an aggrieved employee to seek relief in federal court only where the plaintiff has (1) filed timely charges with the EEOC and (2) received and acted upon the EEOC's statutory notice of right-to-sue.  *See* 42 U.S.C. § 2000e-5(f)(1); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).  Concerning the first requirement, the plaintiff is required to file a charge of discrimination with the EEOC within 180 days of the alleged discrimination. *See* 42 U.S.C. § 2000e-5(e). If the plaintiff fails to file before this time elapses, the plaintiff's claim is untimely and, therefore, the plaintiff is procedurally barred for failure to exhaust his administrative remedies.  *See Delaware State College v. Ricks,* 449 U.S. 250, 256, 101 S. Ct. 498, 66 L. Ed. 2d 431 (1980); *Everett v. Cobb County Sch. Dist.,* 138 F.3d 1407, 1410 (11th Cir.1998).

It is apparent from Burkes's EEOC charge, which was attached to his Complaint, and referenced in his Amendment to Complaint, that he was promoted "more than 16 months" prior to August 12, 2005, the date of his charge.  Sixteen months is 480 days, or April 12, 2004.  Thus, any allegations of failure to promote are

procedurally barred[2] under Title VII.

Finally, Burkes's Title VII failure to promote claims, his unequal pay claims, his claims that he was required to work "on the line" with other laborers under his supervision, even though Caucasian supervisors were not required to work on the line, his claims that Hubbell Steel engaged in a pattern and practice of race discrimination and harassment that created a hostile work environment for African-American employees, and his claims that he was retaliated against for complaining about this racially hostile environment are barred for failure to exhaust administrative remedies because Burkes's EEOC charge does not raise any of these issues. A plaintiff is precluded from raising allegations in a civil action unless they are reasonably related to the underlying charges raised before the EEOC.  *See Gregory v. Georgia Dept. of Human Resources,* 355 F.3d 1277, 1280 (11th Cir. 2004) (explaining that "a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of

---

[2] Burkes's claims of failure to promote are not saved by the "continuing violation" doctrine.  Pursuant to that doctrine, "[w]here an employee charges an employer with continuously maintaining an illegal employment practice, he may file a valid charge of discrimination based upon that illegal practice until 180 days after the last occurrence of an instance of that practice." *Beavers v. American Cast Iron Pipe Co.,* 975 F.2d 792, 796 (11th Cir. 1992).  Again, the "practice" of not promoting Burkes last occurred sixteen months prior to August 12, 2005, to wit, April 12, 2004 or earlier.

discrimination").[3]   Although judicial claims that "amplify, clarify, or more clearly focus" the allegations in the EEOC charge are permitted, a plaintiff may not allege in his complaint new acts of discrimination.  *See id.* at 1279-80.

## VI.  <u>SECTION 1981 CLAIMS</u>

Burkes's failure to promote and retaliation claims are not barred by failure to exhaust administrative remedies.  Unlike Title VII claims, a plaintiff has no duty to exhaust administrative remedies under § 1981.  *Patterson v. McLean Credit Union*, 491 U.S. 164, 181, 109 S. Ct. 2363, 105 L. Ed. 2d 132 (1989) (*superceded by statute on other grounds by* 42 U.S.C. § 1981(b)).

However, as set forth in Section VIII of this Memorandum Opinion and Order, the court finds that Burkes has failed to plead his Section 1981 race discrimination and retaliation claims with the specificity required by Federal Rule of Civil Procedure 8.  Therefore, as set forth in such section, the court will require repleading of those claims.

## VII.  <u>ADEA CLAIMS</u>

As a general rule, an employee who wishes to sue his employer for age

---

[3]  The purpose of this requirement is that the EEOC "should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *See Gregory,* 355 F.3d at 1279. Additionally, the charge requirement serves to notify the employer of the allegations made against it.  *See Wilkerson v. Grinnell Corp.,* 270 F.3d 1314, 1319 (11th Cir. 2001).

discrimination must first file an administrative charge of discrimination with the EEOC. *See Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). Thus, Burkes's claims under the ADEA must be reasonably related to his EEOC charges or they are barred under the doctrine of failure to exhaust administrative remedies. Burkes claims that he was terminated in order to replace him with a younger worker. This claim was presented in his EEOC charge as well. Therefore, Hubbell Steel's Motion to Dismiss Burkes's claims for termination based on age will be **DENIED**.

Burkes's EEOC charge did not, however, reasonably relate to any claims that he was not promoted based on his age. Indeed, Burkes claims that he was terminated in July 2005, that he was 41 when he was terminated, and that he had been promoted "16 months" before the charge date (August 12, 2005). Thus, Burkes alleges that he was promoted while he was a member of the age-protected class. The ADEA prohibits discrimination on the basis of age against persons who are at least 40. 29 U.S.C. § 631(a)(b). Nonetheless, the court finds that, any claim of failure to promote based on age is barred by Burkes's failure to exhaust administrative remedies. To the extent the Amended Complaint can be read to state a claim for unequal pay due to age, such claim was not raised in his EEOC charge and is therefore also barred. Therefore, Burkes's claims under the ADEA for failure to promote and for unequal pay will be **DISMISSED**.

11

## _____ VIII.  MOTION FOR MORE DEFINITE STATEMENT

Defendant argues that, alternatively, the Plaintiff's Complaint is due to be repled with more specificity because the Plaintiff's discrimination claims are "nothing more than bald, conclusory allegations unsupported by facts."  (Doc. 14 at 10.)

Guided by the principle that Rule 12(b)(6) dismissal is disfavored, and that it should be granted only in circumstances where it "appears beyond a doubt that the plaintiff can prove no set of facts" that would entitle him to relief, the court declines to dismiss on the grounds of indefinite pleading Burkes's claims which are not otherwise barred.  *See Conley v. Gibson,* 355 U.S. 41, 45, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  "[A] complaint is sufficient if it contains 'allegations from which an inference can be drawn that evidence on these material points will be introduced at trial.' 5 Wright & Miller, § 1216 at 154."  *F.T.C. v. Citigroup, Inc.*, 239 F. Supp. 2d 1302, 1305 (N.D. Ga.2001).

However, a § 1981 claim for discrimination will fail if the plaintiff fails to plead sufficient *facts* from which an inference of intent to discriminate can be drawn.  *See Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1271 (11th Cir. 2004). This is because the (amended) complaint must "provide the defendant with fair notice of the factual grounds on which the complaint rests." *Id*.  These Rule 8 standards are also applicable to ADEA cases.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513,

12

122 S. Ct. 992, 998 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.")  In this case, as in *Jackson*, Burkes claims racial discrimination in violation of § 1981.  As in *Jackson*, Burkes has alleged a disparate treatment case (race) but has wholly failed to identify any specific examples of other persons who are comparably situated but are not African-American, and who (1) received promotions, (2) were paid more while working at the same position as Plaintiff, or (3) were not required to work on the line.  As to his retaliation claim, Burkes has failed to plead facts from which the decision-maker's knowledge of his complaints of racial discrimination can be inferred.  *See Brungart v. Bellsouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000). The court finds that it would be more appropriate, where the basis of the motion is that the claims are too vague and conclusory to allow the defendant to respond, to order Burkes to restate his § 1981 claims with more particularity.  Therefore, the court will **ORDER** Burkes to file a Second Amended Complaint, within 20 days of the date of this Order, setting forth his surviving claims with the required specificity.

## IX.  <u>CONCLUSION</u>

For the foregoing reasons, it is hereby the **ORDER** of the court that Hubbell Steel's Motion to Dismiss is **GRANTED** in part and **DENIED** in part:

(1)  Burkes's Title VII and ADEA failure to promote and unequal pay claims

are hereby **DISMISSED** for failure to exhaust administrative remedies.

(2)  Burkes's Title VII claims that he was required to work "on the line" with other laborers under his supervision, even though Caucasian supervisors were not required to work on the line, his claims that Hubbell Steel engaged in a pattern and practice of race discrimination and harassment that created a hostile work environment for African-American employees, and his claims that he was retaliated against for complaining about this racially hostile environment are **DISMISSED** for failure to exhaust administrative remedies.

(3)  In all other respects, the Motion to Dismiss is **DENIED**.

(4)  Hubbell Steel's Motion for a More Definite Statement is **GRANTED**.

(5)  Accordingly, it is further **ORDERED** as follows:

On or before January 30, 2007, Burkes is **ORDERED** to file a Second Amended Complaint which sets forth, (A) as to his § 1981 racial discrimination claims (1) the names or other identifying information about the comparators who were treated more favorably than he was as to promotions, wages, or conditions of employment (and identifying as to each comparator how that comparator received more favorable treatment, e.g., promotion (to a specific position), higher wage at same position, not being required to work on the line), and (2) the approximate dates or time periods during which each identified comparator was treated more favorably

than Burkes; and (B) as to his retaliation claims (1) what his protected activity complaints consisted of (2) who he complained to and (3) when he complained.

Hubbell Steel shall have until February 19, 2007, to plead or otherwise respond further.

**DONE** and **ORDERED** this 18th day of January, 2007.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

15