# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **TODD BURKES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 2:06-CV-1959-VEH** |
| | ) |
| **HUBBELL STEEL** | ) |
| **CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

---

# MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION AND BACKGROUND

This is an action where the plaintiff, Todd Burkes ("Burkes"), has brought federal claims under 42 U.S. C. § 1981, the Age Discrimination in Employment Act (the "ADEA"), and Title VII of the Civil Rights Act of 1964, as amended ("Title VII") against defendant, Hubbell Steel Corporation ("Hubbell Steel"). Before the court is the Motion to Dismiss Second Amendment to Complaint or, in the Alternative, Motion for More Definite Statement ("Motion") filed by the Hubbell Steel. (Doc. 19). Burkes has opposed (doc. 21) the Motion and Hubbell Steel has replied (doc. 23) to such opposition. In Burkes's Opposition, he asks this court to

reconsider that part of its January 18, 2007 Order (doc. 17) dismissing his Title VII and ADEA unequal pay claims.

For the reasons stated hereinafter, the Motion is due to be **GRANTED** in part and **DENIED** in part.  Burkes's Title VII and ADEA failure to promote claims and unequal pay claims and his Title VII claims that he was required to work "on the line" with other laborers under his supervision, even though Caucasian supervisors were not required to work on the line, his claims that Hubbell Steel engaged in a pattern and practice of race discrimination and harassment that created a hostile work environment for African-American employees, and his claims that he was retaliated against[1] for complaining about this racially hostile environment remain **DISMISSED** as barred for failure to exhaust administrative remedies.  (See Order, doc. 17). Burkes's § 1981 failure to promote claims as pled are **DISMISSED** as barred by the statute of limitations[2].  In all other respects, the Motion to Dismiss will be **DENIED**. Hubbell Steel's Motion for a More Definite Statement will be **GRANTED**.

## II.   <u>APPLICABLE STANDARDS</u>

In its Order of January 18, 2007, the court set forth the applicable standards for

---

[1]  Burkes agrees that this claim was dismissed by the January 18, 2007, Order.  Doc. 22, p.2.

[2]  Burkes concedes that dismissal of such claims is proper.  Doc. 22, p.4.

2

motions made pursuant to F. R. Civ. P. 12(b)(6) and 12(e).  The court assumes the reader is familiar with such Order, and will not repeat the standards here.

### III.  BURKES'S FACTUAL ALLEGATIONS

The facts alleged in the Second Amendment to Complaint against Hubbell Steel, which the court accepts as true for purposes of this Motion, are as follows. Burkes is an African-American male, over the age of forty, who was employed by Hubbell Steel. (2nd Am. Compl., ¶ 4.)  He was the senior-most employee at Hubbell Steel's Fairfield, Alabama branch.  (2nd Am. Compl., ¶ 10.)  Burkes was more qualified than his Caucasian co-workers; however, he was passed over for promotion for more than three years. (2nd Am. Compl., ¶ 11.)  In or about 2004, Burkes was "finally advised that he was being promoted to supervisor and was promised a pay raise; however, ,,, [he] never received a pay raise.  Caucasian supervisors, who were also promoted, received pay raises... ." (2nd Am. Compl., ¶ 12.)  Burkes was required to work on the line with other laborers under his supervision, while Caucasian supervisor Billy Smith was not required to work on the line.  (2nd Am. Compl., ¶ 13.) Caucasian supervisors Billy Smith and Harold Spratlin with less years with [Hubbell Steel], less experience, and/or less qualifications "have been afforded promotions and other employment opportunities and benefits that ... Burkes has been denied."  (2nd Am. Compl., ¶ 14.)  " ... [Hubbell Steel], by way of its Caucasian management team,

3

continues to engage in a pattern and practice of race discrimination and harassment to which ... [Burkes], along with other African-Americans, are and were subjected. ...[Hubbell Steel's] practice of race discrimination and harassment created a hostile work environment for African-American employees and manifested itself in discrimination against African-American employees with regards [sic] to promotions, job assignments, benefits, and other terms and conditions of employment." (2nd Am. Compl., ¶ 15.) ... "Burkes complained about ... [Hubbell Steel's] racial harassment and discriminatory conduct towards [sic] him and other African-American employees, but nothing was done to rectify ... [Hubbell Steel's] racially discriminatory work environment. ... Burkes was subjected to [sic] an on-going basis of [sic] a racially hostile and discriminatory work environment which included, but is not limited to, negative race-related comments and attitudes. ... Burkes, and other employees, complained about the same, but ... [Hubbell Steel] failed to take any action to rectify the situation and continued to maintain a racially hostile and discriminatory work environment." (2nd Am. Compl., ¶ 16.)

Burkes was retaliated against for having complained about the race discrimination that existed at Hubbell Steel. (2nd Am. Compl., ¶ 17.) Burkes is over the age of forty (40). (2nd Amended Compl., ¶ 18.) Burkes was terminated from his position in July 2005. (2nd Am. Compl., ¶ 19.) Burkes was replaced by an employee

who was significantly younger than Burkes.  (2nd Am. Compl., ¶ 20.)

Harold Spratlin is a Caucasian male who began his employment with Hubbell Steel in 1999.  Burkes trained Spratlin, who formerly was an insurance salesman. (2nd Am. Compl., ¶ 21.)  On or about 2001, Spratlin, with no previous experience in the steel business, was promoted to shipping supervisor.   (2nd Am. Compl., ¶ 22.) Burkes, who had over ten years experience in the steel business and more than three years with Hubbell Steel, was "obviously more qualified for the position," but was denied the promotion.   (2nd Am. Compl., ¶ 23.)

Billy Smith is a Caucasian male who began working at the Hubbell Steel Fairfield location as the assistant or helper to the slitter operator.  Burkes was the slitter operator who Smith assisted.   (2nd Am. Compl., ¶ 24.)  Three months later, Smith was promoted to plant supervisor.   (2nd Am. Compl., ¶ 25.)  In promoting Smith, Hubbell passed over Burkes, the senior-most employee at the Fairfield location.  (2nd Am. Compl., ¶ 26.)

On or about 2002, Smith was given the position of shipping supervisor.  Burkes was denied this position.  (2nd Am. Compl., ¶ 27.)

Smith was not required to work on the line with the employees that he supervised.   Burkes was required to work on the line with the employees he supervised.  (2nd Am. Compl., ¶ 28.)

Burkes made several complaints to John Clifton, the plant superintendent, regarding the unequal treatment of black employees, including Burkes; specifically, Burkes complained that white employees received favorable treatment. (2nd Am. Compl., ¶ 29.) One month prior to Burkes's termination, he again spoke with Clifton regarding the disparity between himself and Smith. (2nd Am. Compl., ¶ 30.)

## IV.  THE EEOC CHARGE

Along with Burkes's original Complaint,[3] and referenced as an attachment in his Amendment to Complaint, is his EEOC charge. It appears that, under the section entitled "Cause of discrimination based on," Burkes checked the boxes for "race", "age," and "retaliation." The "particulars' are set out on an "attached sheet." Those particulars, in their entirety, are as follows:

> Hubbell Steel discriminated against me on the basis of my race (African-American) by terminating my employment in order to eliminate the only black supervisor/manager in the plant. Hubbell Steel Corporation discriminated against me on the basis of my age (forty-one) by terminating my employment in order to replace me and fill the position with a younger person.
>
> Further, the termination was retaliation for my complaints regarding OSHA violations and immigration/labor law violations. The reason cited for my termination was a failure to perform my job according to job description after warnings. However, as the most senior employee in the Alabama plant, I was never written up for not performing my job duties. In fact, during the seven years I devoted to Hubbell, the only written notice I received was to provide alternate ways

---

[3] Filed September 28, 2006.

to supervise/manage my employees.

Additionally, I was promoted to plant supervisor more than 16 months ago and advised that my promotion came with a raise. However, I never received any pay commensurate with the promotion and additional responsibilities that I received. Hubbell Steel's allegation that I failed to perform my job duties was a pretext for terminating my employment on the basis of age, race and retaliation.

## V.  **TITLE VII CLAIMS**

The date of Burkes's EEOC charge was 8/12/05. In it, he states that he was promoted to plant supervisor "more than 16 months ago." Sixteen months prior to 8/12/05 would be 4/12/04. Title VII permits an aggrieved employee to seek relief in federal court only where the plaintiff has (1) filed timely charges with the EEOC and (2) received and acted upon the EEOC's statutory notice of right-to-sue. *See* 42 U.S.C. § 2000e-5(f)(1); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Concerning the first requirement, the plaintiff is required to file a charge of discrimination with the EEOC within 180 days of the alleged discrimination. *See* 42 U.S.C. § 2000e-5(e). If the plaintiff fails to file before this time elapses, the plaintiff's claim is untimely and, therefore, the plaintiff is procedurally barred for failure to exhaust his administrative remedies. *See Delaware State College v. Ricks,* 449 U.S. 250, 256, 101 S. Ct. 498, 66 L. Ed. 2d 431 (1980); *Everett v. Cobb County Sch. Dist.,* 138 F.3d 1407, 1410 (11th Cir.1998).

It is apparent from Burkes's EEOC charge, which was attached to his

Complaint, and referenced in his Second Amendment to Complaint, that he was promoted "more than 16 months" prior to August 12, 2005, the date of his charge. Sixteen months is 480 days, or April 12, 2004. Thus, any allegations of failure to promote are procedurally barred[4] under Title VII.

Finally, Burkes's Title VII failure to promote claims, his unequal pay claims, his claims that he was required to work "on the line" with other laborers under his supervision, even though Caucasian supervisors were not required to work on the line, his claims that Hubbell Steel engaged in a pattern and practice of race discrimination and harassment that created a hostile work environment for African-American employees, and his claims that he was retaliated against for complaining about this racially hostile environment are barred for failure to exhaust administrative remedies because Burkes's EEOC charge does not raise any of these issues. The court has considered, again, Burkes's statement in his EEOC charge that "[he] never received any pay commensurate with the promotion and additional responsibilities that [he] received" and finds such statement is insufficient, absent some allegation in

---

[4] Burkes's claims of failure to promote are not saved by the "continuing violation" doctrine. Pursuant to that doctrine, "[w]here an employee charges an employer with continuously maintaining an illegal employment practice, he may file a valid charge of discrimination based upon that illegal practice until 180 days after the last occurrence of an instance of that practice." *Beavers v. American Cast Iron Pipe Co.,* 975 F.2d 792, 796 (11th Cir. 1992). Again, the "practice" of not promoting Burkes last occurred sixteen months prior to August 12, 2005, to wit, April 12, 2004 or earlier.

the EEOC charge that Caucasian employees were paid commensurate with their position and responsibilities, or were otherwise treated better than Burkes, for his Title VII unequal pay claims to survive.   A plaintiff is precluded from raising allegations in a civil action unless they are reasonably related to the underlying charges raised before the EEOC.  *See Gregory v. Georgia Dept. of Human Resources,* 355 F.3d 1277, 1280 (11th Cir. 2004) (explaining that "a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination").[5]   Although judicial claims that "amplify, clarify, or more clearly focus" the allegations in the EEOC charge are permitted, a plaintiff may not allege in his complaint new acts of discrimination.  *See id.* at 1279-80.

As pointed out by Hubbell Steel, in his brief in opposition to the pending motion, Burkes appears to take the position that he has pled a violation of Title VII in that he was terminated due to his race.  Burkes correctly argues that the court did not, in its January 18, 2007, Order, dismiss his Title VII claim for racial discrimination in terminating him.  The court did not even consider such a claim <u>as</u>

---

[5]  The purpose of this requirement is that the EEOC "should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *See Gregory,* 355 F.3d at 1279. Additionally, the charge requirement serves to notify the employer of the allegations made against it. *See Wilkerson v. Grinnell Corp.,* 270 F.3d 1314, 1319 (11th Cir. 2001).

it was not pled.  It still has not been pled.  As set forth in Section VIII, infra, Burkes

may amend his complaint one last time.  If he chooses to make a claim under Title VII

for racial discrimination arising out of his termination, he must do so in that amended

complaint.

## VI.  SECTION 1981 CLAIMS

Hubbell Steel argues that Burkes's failure to promote and "race discrimination"

claims brought under 42 U.S.C. § 1981 are barred by a two year statute of

limitations[6].  Burkes agrees that the two year statute of limitations is applicable to his

failure to promote claims and that such claims are therefore barred[7].  However,

Burkes argues that the statute of limitations for "race discrimination" is four years.

He is apparently arguing that his complaint, as amended, sets out a claim for race

discrimination due to his termination.  However, his § 1981 "race discrimination"

claims, as pled, are identical to his failure to promote claims and, being a duplication

of the same claim which this court has already determined are barred by the statute

of limitations, the claims for "race discrimination" also fail.  That is, the court agrees

---

[6]  Hubbell Steel does not challenge the sufficiency or timeliness of Burkes's claims under
§ 1981 of retaliation.  Doc. 20, p. 5., fn 1.

[7]  Actually, Burkes "consents to the dismissal of the failure to promote claims for the
2000, 2001 and 2002 promotions."  Doc. 22, p.4.  The court finds that the only promotions
identified by the Second Amendment to Complaint are the 2000, 2001, and 2002 promotions.
Therefore, there are no remaining claims under 1981 for failure to promote.

with Hubbell Steel that Burkes has, to this day, failed to <u>plead</u> that his termination was racially discriminatory.  Therefore, that claim is not in the case at this time, not because the court has dismissed it, but because Burkes has not pled it.  As set forth in Section VIII herein, the court will allow Burkes to replead his complaint one last time.  In his third amendment to the complaint Burkes may, if he so chooses, plead that he was terminated based on his race, African-American.

## VII.  <u>ADEA CLAIMS</u>

Burkes has made no new allegations regarding his ADEA claims.  Therefore, such claims are **DISMISSED** for the reasons set forth in the court's January 18, 2007 Order[8].

## VIII.  <u>MOTION FOR MORE DEFINITE STATEMENT</u>

Defendant argues that, alternatively, Burkes's § 1981 failure to promote and race discrimination claims are due to be repled with more specificity "to include allegations of discriminatory conduct [promotions] occurring within the two year statute of limitations period, ... [and] to allege facts to support an individual cause of action for hostile work environment," [doc. 20. P. 11], and that Burkes's § 1981 and Title VII claims for racially discriminatory termination are also required to be pled

---

[8]  The court finds that Burkes has not pled that he was terminated due to his age.  If Burkes seeks to claim that he was terminated due to his age, he must assert that claim in his Third Amended Complaint.

in the complaint.  The court agrees.

"[A] complaint is sufficient if it contains 'allegations from which an inference can be drawn that evidence on these material points will be introduced at trial.' 5 Wright & Miller, § 1216 at 154." *F.T.C. v. Citigroup, Inc.*, 239 F. Supp. 2d 1302, 1305 (N.D. Ga.2001).  However, a § 1981 claim for discrimination will fail if the plaintiff fails to plead sufficient *facts* from which an inference of intent to discriminate can be drawn. *See Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1271 (11th Cir. 2004).  This is because the (amended) complaint must "provide the defendant with fair notice of the factual grounds on which the complaint rests." *Id*.

## IX.  ATTORNEY'S FEES

Hubbell Steel asks this court to award attorney's fees.  It cites no standard for the court to consider, and no authority for the proposition that attorney's fees are due to be awarded under the circumstances of this case.  Therefore, the court **DENIES** the motion for attorney's fees.  However, if Burkes chooses to replead his complaint and includes in that amended complaint claims which this court has dismissed, then the court will consider, upon a motion for attorney's fees supported by appropriate authority, awarding fees for the cost of getting this court to dismiss those claims yet again.

12

## IX.  <u>CONCLUSION</u>

For the foregoing reasons, it is hereby the **ORDER** of the court that Hubbell Steel's Motion to Dismiss is **GRANTED** in part and **DENIED** in part:

(1)  Burkes's Title VII and ADEA failure to promote and unequal pay claims are hereby **DISMISSED** for failure to exhaust administrative remedies.

(2)  Burkes's Title VII claims that he was required to work "on the line" with other laborers under his supervision, even though Caucasian supervisors were not required to work on the line, his claims that Hubbell Steel engaged in a pattern and practice of race discrimination and harassment that created a hostile work environment for African-American employees, and his claims that he was retaliated against for complaining about this racially hostile environment are **DISMISSED** for failure to exhaust administrative remedies.

(3) Burkes's 42 U.S.C. § 1981 claims for discrimination due to promotion are **DISMISSED** as barred by the statute of limitations.[9]

(4)  In all other respects, the Motion to Dismiss is **DENIED**.

(5)  Hubbell Steel's Motion for a More Definite Statement is **GRANTED**.

(6)  Accordingly, it is further **ORDERED** as follows:

---

[9]  Burkes is free to include, in his Amended Complaint, any promotions that he claims were racially discriminatory that are not barred by the two year statute of limitations applicable to such claims.

13

On or before March 22, 2007, Burkes is **ORDERED** to file a Third Amended Complaint which sets forth: (1) as to his Title VII and § 1981 racial discrimination claims, the allegation that he was terminated due to his race, African-American; (2) as to any allegations under § 1981 of discriminatory promotions, at least one example of a promotion that was discriminatory and that occurred within the two year statute of limitations; (3) as to his § 1981 claim for racially hostile work environment, facts to support an <u>individual</u> cause of action for hostile work environment; and (4) as to any claims for wrongful termination under the ADEA, the allegation that he was terminated due to his age.  If Burkes chooses not to amend his complaint as ordered, then, on the basis that such claims have not been pled, the court will not allow Burkes to pursue: (1) any claim under Title VII or § 1981 that his termination was due to his race; (2) any claim under § 1981 that he was discriminated against in promotions due to his race; (3) any claim under § 1981 for racially hostile work environment; or (4) any claim of wrongful termination under the ADEA.[10]  If Burkes chooses to amend his Complaint, <u>he must remove from his amended complaint claims that have been dismissed by this court</u> or risk an award of attorney's fees if Hubbell Steel must ask this court to dismiss the claims yet again.  Removing those claims will not constitute

---

[10]  Of course, Burkes may pick and choose which allegations he chooses to add.  If he adds allegations as to some claims and not others, only the claims that have not been pled will be barred as the case progresses.

14

a concession by Burkes that the court was correct in dismissing those claims.

Hubbell Steel shall have until April 11, 2007, to plead or otherwise respond further.

**DONE** and **ORDERED** this 2nd day of March, 2007.

**VIRGINIA EMERSON HOPKINS**
United States District Judge